**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William James MILLER, Defendant—Appellant.**

No. 01–50425.

D.C. No. CR–01–00118–ER–1.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2002 *.

Decided April 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**518**

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

### MEMORANDUM **

William Miller pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a);(d), conspiracy to commit armed bank robbery, 18 U.S.C. § 371, and use of a firearm during a crime of violence, 18 U.S.C. § 924(c). On appeal, he challenges his sentence, arguing that the district erred by adjusting his offense level upward based on findings of "physical restraint of a victim" during the robbery and "reckless endangerment" during flight from the police. We affirm.

### DISCUSSION

1. *Physical Restraint*

The Sentencing Guidelines provide for a two-level increase in a defendant's offense level if during a robbery "any person was physically restrained to facilitate commission of the offense ...." U.S.S.G. § 2B3.1(b)(4)(B). Miller argues that the acts of forcing the bank's security guard to his knees and holding a shotgun at his head during the course of the robbery do not constitute physical restraint. We disagree. The enhancement applies whenever there is a "sustained focus on the restrained person." *See United States v. Parker,* 241 F.3d 1114, 1118 (9th Cir.2001) (emphasis deleted). That requirement is satisfied here because the gun was held to the guard's head during the duration of the bank robbery.

2. *Reckless Endangerment*

The Sentencing Guidelines provide for a two-level increase in a defendant's

offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer ...." U.S.S.G. § 3C1.2. Miller argues that his conduct of fleeing into an elementary school playground where children were playing constitutes nothing more than mere "foot flight" and does not indicate that he endangered the children. We reject that argument. In *United States v. Reyes–Oseguera,* 106 F.3d 1481, 1483, (9th Cir.1997), we acknowledged that "instinctive flight on foot from law enforcement is insufficient on its own to justify the application of section 3C1.2." Rather, the guidelines "contemplate that some additional conduct must create a substantial risk." *Id.* We agree with the district court that Miller engaged in the requisite "additional conduct" by fleeing into the playground with a loaded shotgun and handgun, knowing that the police had their guns drawn, and thus compelling the police to order all the children and teachers to the ground in concern for their safety.

AFFIRMED.

(black box)

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.